IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joshua Jefferson, | ) | C/A No. 0:16-219-BHH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Angela Brown, Corporal Durant, Corporal Wright, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Joshua Jefferson, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.     Procedural Background**

Plaintiff, an inmate in the South Carolina Department of Corrections ("SCDC"), alleges he was unfairly disciplined for using a social networking website while he was confined at the Wateree Correctional Institution. (ECF No. 1 at 2-3.) Plaintiff indicates that Defendant Corporal Durant charged him with using Facebook. (Id. at 3.) He claims the incident report drafted by Durant listed the date and times he observed Plaintiff using Facebook. (Id.) However, he claims that in his disciplinary hearing, the hearing officer, Angela Brown, was unable to determine what dates Durant saw him use Facebook, but Brown charged him with using the site on five separate dates anyway, none of which were on the incident report. (Id.) Plaintiff further claims that while Corporal Wright had him sign an incident report on August 22, 2014, that incident report was not used at the

disciplinary hearing on September 2, 2014, and he was instead provided a new incident report that he did not sign. (Id.)

Plaintiff also claims his disciplinary hearing was not fair because Brown turned off the recorder multiple times when an officer "made a mistake." (Id.) He also argues the defendants lacked evidence showing that Plaintiff, not someone else, used the Facebook account. (Id.)

Plaintiff further claims that, as a result of the unfair disciplinary hearing, he lost 360 days of good time credit, 1,800 days of visitation privileges, 1,800 days of telephone privileges, and 1,800 days of canteen privileges. (Id. at 4.) He argues Brown did not follow SCDC policies because she did not present the original incident report at the hearing and she turned the recorded off multiple times during the hearing. (Id.) He claims the accusing officer did not give his full name at the hearing, in violation of SCDC policy. (Id.) Plaintiff also states that he was over-sanctioned based on insufficient evidence and procedural errors. (Id.)

Plaintiff claims he appealed his disciplinary conviction to the South Carolina Administrative Law Court ("ALC") but he never received a "final answer." (ECF No. 1-1 at 1.) The ALC docket indicates Plaintiff's case is currently pending before that court. Jefferson v. S.C. Dep't of Corrs., Dkt. No. 15-ALJ-05-0630-AP (S.C. Admin. Law Court Nov. 30, 2015).

Plaintiff filed this Complaint on January 20, 2016. (ECF No. 1.) Plaintiff asks the court to restore the 360 days of good time credits he lost at the disciplinary hearing and he seeks $1,500,000 in damages for pain and suffering caused by the defendants. (Id. at 5.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C.



§ 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

    **B.**    **Analysis**

        **1.**    **Construction of Pleading**

Plaintiff's Complaint does not expressly state the cause of action he intends to pursue. However, Plaintiff's allegation that he was denied a fair disciplinary hearing because of the defendants' failure to comply with SCDC policy appears to state a claim that defendants violated Plaintiff's right to due process under the Fourteenth Amendment. See Wolff v. McDonnell, 418 U.S. 539, 563-7 (1974) (providing that prison disciplinary hearings that affect a liberty interest, such as the deprivation of good time credits, demand due process). Accordingly, the court construes the Complaint as alleging a claim pursuant to 42 U.S.C. § 1983 based on an alleged violation of Plaintiff's right to due process. See City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526



U.S. 687, 707 (1999) (providing that a legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief").

### 2. Exhaustion

As an initial matter, the court finds Plaintiff's Complaint was filed prematurely because Plaintiff's Complaint shows that he has not yet exhausted his available administrative remedies for this § 1983 claim. The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also Hicks v. James, 255 F. App'x 744, 747 (4th Cir. 2007) ("The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing any action under federal law with respect to confinement."). The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). While a plaintiff's failure to exhaust administrative remedies is considered an affirmative defense and not a jurisdictional infirmity, Jones v. Bock, 549 U.S. 199 (2007), if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. See Corey v. Daniels, No. 15-6707, 2015 WL 5812918, at *1 (4th Cir. Oct. 6, 2015) ("A district court is permitted to address the issue of exhaustion sua sponte, however, and may dismiss the complaint without input from the defendant, if the 'failure to exhaust is apparent from the face of the complaint,' and the inmate is provided an opportunity to respond on the exhaustion issue.") (quoting Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d

674, 682 (4th Cir. 2005)); see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006).

Moreover, because Plaintiff has alleged an as-applied constitutional violation rather than a facial challenge to a state statute or regulation, he must exhaust his administrative remedies by appealing SCDC's decision to the Administrative Law Court.[2] See Travelscape, LLC v. S.C. Dep't of Revenue, 705 S.E.2d 28, 38-39 (S.C. 2011) (holding that the South Carolina Administrative Law Court is empowered to hear as-applied challenges to statutes and regulations, but is without power to entertain a facial challenge to the validity of a statute or regulation).  South Carolina law provides that, as to certain prison administrative decisions that affect an inmate's sentence, such as the loss of accrued good-time credits as Plaintiff has alleged here, the inmate may seek review of an SCDC decision in the Administrative Law Court.  See Al-Shabazz v. State, 527 S.E.2d 742, 750 (S.C. 2000); see also Slezak v. S.C. Dep't of Corrs., 605 S.E.2d 506, 507 (S.C. 2004).  These issues include situations where an inmate is disciplined and punishment is imposed, or when an inmate believes that prison officials have erroneously calculated his sentence, sentence-related credits, or custody status.  Sullivan v. S.C. Dep't of Corrs., 586 S.E.2d 124, 126 (S.C. 2003); Al-Shabazz, 527 S.E.2d at 750.  Pursuant to the South Carolina Administrative Procedures Act ("APA") and the South Carolina Appellate Court Rules, an inmate who is dissatisfied with the decision of the Administrative Law Court may seek judicial review from the South Carolina Court of Appeals, and ultimately, the South Carolina Supreme Court.  See S.C. Code Ann. § 1-23-610; Rule 242, SCACR.

---

[2] The Administrative Law Court is an executive branch court, not a judicial tribunal.  See S.C. Code Ann. § 1-23-500 (stating that the Administrative Law Court "is an agency and a court of record within the executive branch of the government of this State").  Accordingly, appeal to the Administrative Law Court is an available administrative remedy to state prisoners advancing claims such as the one Plaintiff raises here.



The court finds Plaintiff has not yet exhausted his administrative remedies in this case because, as noted above, Plaintiff's appeal from his disciplinary conviction is currently pending in the Administrative Law Court. Jefferson v. S.C. Dep't of Corrs., Dkt. No. 15-ALJ-05-0630-AP (S.C. Admin. Law Court Nov. 30, 2015). Therefore, it is apparent on the face of Plaintiff's Complaint that it was filed prematurely, see Anderson, 407 F.3d at 682. Accordingly, Plaintiff's Complaint should be dismissed because he has not yet exhausted his administrative remedies. See Morales v. Honeycutt, No. 1:05CV370, 2006 WL 2505213, at *1 (W.D.N.C. Aug. 28, 2006) ("Exhaustion of administrative remedies during the pendency of a federal case is insufficient to satisfy § 1997(e)'s exhaustion requirement.") (collecting cases).

### 3.     Relief Not Cognizable Under § 1983

The court also finds that both forms of relief requested by Plaintiff—restoration of his good-time credits and damages—are not cognizable in this case. In Preiser v. Rodriguez, the Supreme Court held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement. 411 U.S. 475 (1973). Further, the Court ruled in Heck v. Humphrey, 512 U.S. 477, 487 (1994), that a prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. In Edwards v. Balisok, 520 U.S. 641 (1997), the Court extended the Heck holding to a prisoner's claim for damages regarding loss of good time credits. Id. at 648 (holding that a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"). While Heck is not universally applicable to all suits challenging prison disciplinary proceedings or institutional offense convictions, see Muhammad v.



Close, 540 U.S. 749, 751 (2004), in situations where the administrative action affects credits toward release based on good time served, Heck bars the § 1983 claim. In the present action, the Heck bar applies because SCDC disciplined Plaintiff by revoking good time credits, which will lengthen the duration of his sentence. Also, Plaintiff's claim that he was not provided due process in the disciplinary hearing implies that the defendants' revocation of Plaintiff's good time credits was invalid. However, Plaintiff provides no facts to demonstrate that his disciplinary conviction, resulting in the loss of earned good time credit, has been invalidated by an appeal or collateral proceeding. Therefore, Plaintiff's claim for damages and the restoration of his good time credits pursuant to § 1983 is barred by the holdings of Heck, Edwards, and Prieser and consequently, the claim is subject to summary dismissal.

**III.     Conclusion**

For the foregoing reasons, it is recommended that the Complaint be dismissed without prejudice and without issuance and service of process.

May 12, 2016  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The plaintiff is directed to the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).